# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-0557
Lower Tribunal No. 2022-CF-000217

_____

JENNIFER CARROL LEEKA WASKO,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Hendry County.
Darrell R. Hill, Judge.

July 31, 2026

PER CURIAM.

AFFIRMED. *See, e.g.*, § 924.051(1)(a)-(b), (3), (7) Fla. Stat. ("'Prejudicial error' means an error in the trial court that harmfully affected the judgment or sentence. . . . 'Preserved' means that an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and that the issue, legal argument, or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor. . . . An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error

is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error. . . . In a direct appeal or a collateral proceeding, the party challenging the judgment or order of the trial court has the burden of demonstrating that a prejudicial error occurred in the trial court. . . .”); *I.R. v. State*, 395 So. 3d 567, 569-71 & n.3 (Fla. 6th DCA 2024) (“The error [Appellant] alleges here is not preserved for our review [and neither party argues that the error alleged here was fundamental]. . . . We decline to consider this issue on the merits notwithstanding that the State concedes error. . . . [W]e are not bound by such concessions. . . . [W]e find [Appellant] has not presented prejudicial error from which this Court may properly grant him relief.” (citations omitted)); *Conner v. State*, 987 So. 2d 130, 132 n.2 (Fla. 2d DCA 2008) (“We note that the State has not argued the lack of preservation in this appeal. However, this court has an independent obligation to ensure that an alleged prejudicial error was properly preserved for appellate review.” (citing § 924.051(3), Fla. Stat.)).

BROWNLEE, KAMOUTSAS and PRATT, JJ., concur

Blair Allen, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Angela H. Fernandez, Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED